## ROSAMOND SANFASON *versus* JOSEPH MARTIN.

A collector can sell property distrained for the payment of taxes only by virtue of a legal warrant issued by the proper authorities.

A collector's warrant signed by only two assessors, without any evidence that a third was chosen and qualified, will not justify such sale.

ON REPORT.

REPLEVIN for a riding wagon.

Plea, general issue, with brief statement alleging property and right of possession in the defendant and not in the plaintiff.

Plaintiff testified : — That he resided in Van Buren Plantation and was the owner of the wagon in controversy ; that Francis H. Violette took the wagon from plaintiff's possession, Oct., 23, 1865, and sold it at auction 25th same Oct.

On cross-examination, he testified : — That Violette acted as collector of taxes in the plantation ; that A. S. Richards and E. Parde acted as assessors of taxes in the plantation that year. Violette demanded payment of my taxes before selling the wagon. Violette returned to me the surplus for which the wagon sold above my taxes and costs.

The warrant and tax list signed by Richards and Parde, as assessors, was put in and their signatures proved.

The collector Violette testified to all the facts in detail of demanding taxes, taking of the wagon, posting notices of sale, sale, and of returning to plaintiff an account of sale with the surplus proceeds of the sale.

The case was submitted to the full Court with jury powers, who were to render such judgment as the law and facts might warrant.

*Granger & Madigan,* for the plaintiff.

*C. M. Herrin,* for the defendant.

Proof that a person acted as a public officer is *prima facie* evidence of his official character. 1 Greenl. on Ev., 111, 121 ; *Hutchings* v. *Van Bokkelen,* 34 Maine, 126.

Plaintiff, a resident of V. B. Plantation was to be taxed there. If tax was illegally assessed, his remedy was against the plantation. *A. & W. Cotton Man. Co.* v. *Amesbury*, 17 Mass., 460; 8 Maine, 278. Or trespass against the assessors. The collector, and *a fortiori*, an innocent purchaser would not be responsible for any irregularities on the part of others. *Holden* v. *Eaton*, 8 Pick., 436.

Collector made statute account of sales and paid surplus to plaintiff who received it.

A sale of personal property by a public officer, at public auction, he being authorized by law and having an official jurisdiction over the procedings, transfers the debtor's title to a *bona fide* purchaser, although the officer may not have conformed to the requirements of the statute in making the sale. *Tuttle* v. *Gates*, 24 Maine, 395; *May* v. *Thomas*, 48 Maine, 397; *Ludden* v. *Kincaid*, 45 Maine, 411.

It is for the interest of the debtor that his property should bring the highest price and not be sacrificed. If a sale could be avoided by some irregularity, his property would only bring a nominal price. There would be no bidders.

This plaintiff has already sued collectors for the wagon. If he succeeds in present suit,

1. He will receive benefit of payment of his tax, $16,93;

2. Surplus paid to him by collector, $35,87, making $52,80;

3. Would keep wagon from an innocent purchaser; and

4. Recover value of wagon of collector.

DANFORTH, J. — " A sale of such goods as are in controversy, made by an officer at public auction, on judicial process, he being authorized by law and having an official jurisdiction over the proceedings, will transfer the debtor's title to a *bona fide* purchaser, notwithstanding the directions of the law may not have been complied with." This seems to be the conclusion of the Court from a review of all the authorities upon this subject, somewhat conflicting, as ex-

Sanfason *v.* Martin.

pressed by CUTTING, J., in *May* v. *Thomas*, 48 Maine, 400. From this it would seem that, whatever may be the effect, or want of effect, of any irregularities in the proceedings of the officer; in order to convey a title to the goods sold, he must be an officer *de facto*, at least, and acting under a *legal precept.* If this be so, in the execution of judicial process, there is at least equal reason for applying the same principle to a sale of personal property distrained for the payment of taxes. In the case at bar, the collector, who perhaps might have been an officer *de facto*, seized and sold the property in controversy, by virtue of a warrant signed by two persons claiming to act as assessors of Van Buren plantation. There is nothing in the testimony reported, tending to show that any third person was chosen assessor, or at that time assumed to act as such. So far as appears, there were but two assessors, at most, " one less than the law required." It is doubtful, to say the least, whether these two were qualified to act, but it is certain they had no authority to assess a tax or issue a warrant, if they only were qualified. *Inhabitants of Williamsburg* v. *Lord*, 51 Maine, 601.

It is admitted that the title to the property was originally in the plaintiff. It is therefore incumbent upon the defendant to show a better title in himself, and he can only do this by showing a sale by virtue of a legal precept, issued by the proper authorities. This he has failed to do, and, according to the agreement of parties, there must be

*Judgment for plaintiff.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.